United States District Court
Southern District of Texas
**ENTERED**
April 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STACIE WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-25-5745 |
| | § | |
| INFRAMARK, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Inframark LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5) (Document No. 13). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is an employment dispute. On December 1, 2025, *pro se* Plaintiff Stacie Wright ("Wright") filed suit against her former employer, Defendant Inframark, LLC ("Inframark") a water management company based in Harris County, Texas. Wright alleges that she disclosed her disability of dyslexia to Inframark in 2024 and was later retaliated against by Inframark by being placed on a performance improvement plan.[1] Wright further alleges that she "was forced to sign a demotion

---

[1] *See Pro Se Plaintiff's Complaint*, Document No. 1 at 3.

under threat of termination."[2] Wright contends that she "resigned on September 26, 2024, due to hostile and retaliatory conditions."[3] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Based on the foregoing, Wright brings suit under the American with Disabilities Act of 1990, alleging that she was retaliated against and subject to hostile work conditions. On March 25, 2026, Inframark moved to dismiss Wright's complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).[4] Wright did not respond to the pending motion to dismiss within either the original response date required under the Federal Rules of Civil Procedure, or the date of this Order.

## II. STANDARD OF REVIEW

Rule 12(b)(5) vests courts with "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994). If a defendant is not served within ninety days after the complaint is filed, the Court must: (1) dismiss the action without prejudice; or (2) order service be made within a specified time. *See* Fed. R. Civ. P. 4(m). The Fifth Circuit has made clear that "[w]hen service of process is challenged, the serving

---

[2] *Id.*

[3] *Id.*

[4] *See Defendant Inframark LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5)*, Document No. 13 at 1–5.

party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Sign Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

### III. LAW & ANALYSIS

Inframark moves to dismiss Wright's complaint, contending that Wright failed to serve Inframark with a copy of the operative Complaint pursuant to Federal Rule of Civil Procedure 4(c)(1). Wright did not respond to the pending motion to dismiss, failing to rebut or offer evidence to counter any of Inframark's contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. *See* S.D. Tex. Local R. 7.4. Regardless of Wright's failure to respond to the pending motion to dismiss, the Court will consider the merits of Inframark's arguments.

Inframark notes for the Court the summons prepared by Wright in this matter that was delivered to the U.S. Marshals Service to be served based on Wright's status as an *in forma pauperis* litigant.[5] Inframark contends that the summons was served upon "William Miller, who is designated by law to accept service of process on behalf of CT Corp."[6] Inframark contends that the service of process in this matter is

---

[5] *See Court Order Granting In Forma Pauperis,* Document No. 8 at 1.

[6] *Defendant Inframark LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5)*, Document No. 13, Exhibit A at 1 (*Wright's Service of Process Receipt*).

invalid because neither William Miller or CT Corporation is the registered agent for Inframark. Inframark further contends that Wright holds the burden to show the Court that service was properly effectuated and has "done nothing to locate the correct service address or registered agent."[7] Wright offers no rebuttal.

The Court has reviewed the record in this matter and notes that the 90-day deadline for Wright to effectuate proper service is March 1, 2026, more than a month before the date of this Order. Based on the foregoing and having considered the pending motion, submissions, and applicable law in this case, the Court finds that Wright's service of process was ineffective, and her claims against Inframark should be dismissed without prejudice.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Inframark LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5) (Document No. 13) is **GRANTED.** The Court further

ORDERS that Plaintiff Stacie Wright's claims against Defendant Inframark, LLC are **DISMISSED.**

---

[7] *Defendant Inframark LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(5)*, Document No. 13 at 2.

SIGNED at Houston, Texas, on this __20__ day of April, 2026.

DAVID HITTNER
United States District Judge